## NACONA COTTON OIL CO. v. CARTER.*
### (No. 2778.)

(Court of Civil Appeals of Texas. Texarkana. June 27, 1923. Rehearing Denied Oct. 4, 1923.)

1. **Corporations** ⊗⟳407(5)—**Jury held justified in concluding that general manager of cotton oil company had apparent authority to employ broker to sell cotton seed.**

In broker's action against cotton oil company for commission for selling cotton seed in which the company claimed that its general manager had no authority to employ a broker to sell the seed the jury was justified in concluding that the general manager had apparent authority to employ the broker to make the sale.

2. **Brokers** ⊗⟳86(8)—**Evidence as to customary commission paid for selling cotton seed held to sustain verdict for broker.**

In broker's action for commission for selling 822 tons cotton seed under contract entitling him to the "reasonable, customary, and usual" compensation allowed therefor, evidence that the customary commission for selling cotton seed ranged from $2 to $5 per ton, and that a commission of $2 or more was paid by buyers as agents purchasing cotton seed, *held* to sustain $1,200 verdict for the broker.

3. **Brokers** ⊗⟳71—**Contract held to entitle cotton seed broker to recover reasonable value of services.**

Broker who sold cotton seed under contract entitling him to the "reasonable, customary, and usual" compensation allowed for such services, was not limited in recovering compensation to the commission fixed by custom, but could recover the reasonable value of his services.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Action by E. L. Carter against the Nacona Cotton Oil Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. O. Davis, of Gainesville, for appellant. Donald & Donald, of Bowie, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for the sum of $1,200 as commission for selling a lot of cotton seed. The appellee alleged that he was employed by the appellant through its general manager, secretary and treasurer, F. B. Shropshire, to find a purchaser for 822 tons of cotton seed, and that he did find a purchaser to whom the cotton seed was sold. He pleads that while no price was agreed on as his compensation for that service, the appellant obligated itself to pay the "reasonable, customary, and usual" compensation allowed for such services. He testified that Shropshire called him over the 'phone and told him that the appellant company had a lot of cotton seed that it wished to dispose of, and that he (Shropshire) would make it to the interest of the appellee if the latter would find a purchaser. The evidence further shows that the appellee at once began to look for buyers, and finally induced the president of another oil mill company to purchase the seed at a price satisfactory to the appellant. Shropshire denied making any contract with the appellee to pay him a compensation for selling the seed, and also stated that he (Shropshire) had no authority to contract for such employment. The court submitted the controverted issues to the jury, and a verdict was rendered in favor of the plaintiff for the sum of $1,200.

[1] Two questions are raised in this appeal. One is the sufficiency of the evidence to show authority on the part of Shropshire to employ appellee on a commission to sell the seed, and the other is the sufficiency of the evidence to support a finding of any custom or usage fixing a price to be paid for such services. In his charge the court told the jury that they might find for the plaintiff if they believed from a preponderance of the evidence that Shropshire had authority to bind the appellant by such an agreement, or that in making that agreement he was acting within the "apparent scope" of his authority. No objection was made to this charge on the ground that the appellant would be liable if the agent was acting within the apparent scope of his authority. It is admitted that Shropshire had the authority to sell the seed at the price at which they were sold, but it is denied that he had any actual authority to employ a broker to assist him. Under the facts of this case the jury had a right to conclude that such power was within the apparent scope of Shropshire's authority. He occupied a position which justified the inference that he was impliedly authorized to do what Carter says he had agreed to do if Carter sold the seed.

[2,3] The next question is: Did the evidence justify the finding of a customary price for commissions on sales of this character? There was testimony tending to show that the customary price ranged from $2 to $5 for selling cotton seed. There was other testimony tending to show that a commission of $2 or more was paid by buyers as commission to agents for purchasing cotton seed.

---

⊗⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction November 21, 1923.

The appellee is not limited in this case to a price fixed by custom, but he was entitled to recover the reasonable value of his services. The appellant requested a special charge authorizing the jury to find what the actual services of Carter were worth. That was refused by the court, and properly so, because it incorporated other matters which should not have been included in the submission of that issue.

We conclude that the evidence was sufficient to support the findings of the jury, and the judgment is affirmed.